

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Hazlewood
County Attorney
Randall County
Canyon, Texas

Dear Sir:

Opinion No. 0-3455
Re: Does the commissioners'
court of a county have any
discretion in the matter of
permitting a depository bank
to pledge a less amount of
bonds than the county funds
on deposit under the terms
of this statute, when they
are satisfied in their own
minds that the depository
bank is safe and related
questions?

Your recent request for an opinion of this Department
on the questions herein stated has been received.

We quote from your letter as follows:

"Article 2547, subdivision (C) reads in part:
'In lieu of such personal bonds or surety bonds as
above specified, said banking corporation, etc., so
selected as county depository, may pledge and said
depository bank is authorized to pledge with the
Commissioners Court for the purpose of securing such
county funds, securities of the following kind, <u>in an
amount equal to the amount of such county funds on de-
posit in said depository bank</u>, to-wit: etc. . . .'

"Question: Does the Commissioners court of a
county have any discretion in the matter of permitting
a depository bank to pledge a less amount of bonds

than the county funds on deposit under the terms of this statute, when they are satisfied in their own minds that the Depository Bank is safe?   Must they require the Depository Bank to pledge bonds in an amount equal to the county funds on deposit?

"Referring to your opinion O-884, to what extent would county funds be insured by F. D. I. C., provided they were deposited by the County in separate funds such as the Road and Bridge Fund, Court House and Jail, and General Fund, etc? Would each fund be insured up to $5000.00, or would they be treated as one fund?"

Article 2547, Vernon's Annotated Civil Statutes, provides in effect that it shall be the duty of the banking corporation, association or individual banker so selected, to qualify as county depository in one or more of the three ways provided in said statute, at the option of the commissioners' court.   In this connection we call your attention to Article 2548a (Senate Bill No. 218, Acts of the 47th Legislature), which reads in part as follows:

"Any banking corporation in the State of Texas selected as the depository bank for county funds, or for the funds of any school district in Texas, including common school districts, independent school districts, rural high school districts, consolidated school districts, and any other school districts in Texas, or funds of any state institution, shall be authorized to pledge general fund warrants of the State of Texas as securities for the purpose of securing such funds when, as otherwise provided by law, such banking corporations are authorized to pledge securities in lieu of personal bonds or surety bonds for the purpose of securing such funds; provided, however, this privilege shall cease and be null and void whenever the deficit in the general fund shall exceed Forty-two Million ($42,000,000.00) Dollars."

From the facts stated in your letter, it is apparent that the depository in question qualified as such under Subsection (c) of Article 2547, supra.

Article 2566a, Vernon's Annotated Civil Statutes, provides:

Hon. J. D. Hazlewood, page 3

"Notwithstanding any provisions of this act requiring securities for deposits in the form of collateral, surety bonds or in any other form, security for such deposit shall not be required to the extent said deposits are insured under the provisions of Section 12b of the Federal Reserve Act as amended, or any amendments thereto."

You will note that the above provisions of Article 2566a expressly exempt such banks that are members or come within the provisions of Section 12b of the Federal Reserve Act as amended, or any amendments thereto, from being required to maintain securities as collateral for the protection of county or city deposits to the extent of the deposits insured by said law.

An examination of the provisions of the 1935 amendment to the Federal Reserve Act discloses that Section 12b, as amended, set forth under Chapter 614, Acts of the 74th Congress, Session One, as found in Volume 49, U. S. Statutes at Large, page 684, provides for the establishment of the Federal Deposit Insurance Corporation, an agency or instrumentality of the Federal Government. This Act provides that any State and National Member Bank shall be an insured bank under the Act with its deposit insured up to $5,000.00. Every National Bank within the United States, and every State Bank which is a member of the Federal Reserve System, are insured member banks with said Federal Deposit Insurance Corporation.

In answer to your first two questions as stated in your letter, you are respectfully advised that it is the opinion of this Department that under Subsection (c) of Article 2547, supra, the Depository Bank is required to place securities as set out in said subsection an amount equal to the county deposits less the amount guaranteed under the Federal Deposit Insurance Corporation.

With reference to the last two questions stated above, this Department has heretofore ruled on questions very similar to those presented in your inquiry. In our Opinions No. 0-1948 and No. 0-1949. Therefore, we are enclosing herewith copies of the two opinions above mentioned for your information.

On July 25, 1940, Honorable L. E. Birdsell, General Counsel for the Federal Deposit Insurance Corporation, Washington, D. C. in a letter to Hon. J. B. Earnest, County, Judge, Clairemont,

Hon. J. D. Hazlewood, page 4

Texas, expressed the opinion and contention of the above named corporation relative to the matters therein considered and discussed. It will be noted that on page 3, with reference to funds deposited in a jury fund, general fund, etc., it was said:

> "With reference to funds deposited in a jury fund account, officers' salary fund account, court house and jail fund account, special county hospital maintenance account, warrant account and general fund account, you are advised that we are of the opinion that none of these accounts are held by the county in a different right and capacity from its general funds. Accordingly, it is our opinion that they would all be added together with any other county funds owned in the same right and capacity and insured up to $5,000."

The courts have not passed on the exact proposition under consideration, insofar as we have been able to determine. However, the opinion and the departmental construction of the statutes involved are at least persuasive. Therefore, it is our opinion that the above quoted paragraph answers the last two questions as stated above. We are enclosing a copy of the above mentioned letter for your information.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

